UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, Plaintiff, v. NAPA STATE HOSPITAL, et al., Defendants. | Case No. 19-cv-00318-EMC **ORDER OF DISMISSAL** |

Anthony Dewayne Lee Turner, an inmate at the Sacramento County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983, apparently complaining about an earlier detention at the Napa State Hospital.[1]

The Court dismissed the complaint with leave to amend, explaining that the complaint was so lacking in facts that it did not provide enough information for the Court to determine that a claim upon which relief may be granted was stated. Docket No. 15. The Court discussed the deficiencies in the complaint and granted leave for Mr. Turner to file an amended complaint. *Id.* The Court explained that Mr. Turner had to allege enough facts to state a claim for relief that was plausible on its face by stating the basis for his assertion that he had been detained longer than permissible, by including the relevant dates for any claim of excessive detention, the date(s) on which he was ordered released, the court that ordered his release, and the length of his confinement after he was ordered released. *Id.* at 2. The Court also explained that Mr. Turner had to link defendants to his claim by alleging facts showing the basis for liability for each individual

---

[1] When he filed this action, Mr. Turner was no longer in Napa State Hospital. Instead he was in the Sacramento County Jail, and had been convicted of a new crime (vehicle theft) in 2017. *See Turner v. Schubert*, E. D. Cal. No. 2:19-cv-1059 KJM DB (petition for writ of habeas corpus).

defendant. *Id.* at 2.

Mr. Turner then filed an amended complaint that, like the original complaint, provided almost no factual information. Docket No. 16. He alleged that his constitutional rights were violated on February 4, 1999 until February 29, 2016 because he was held against his will at Napa State Hospital. *Id.* at 6. He alleged that the Sacramento County Courthouse "failed to do anything that caused the violation" and that his attorney said Mr. Turner was "a monkey and a nut case." *Id.* The listed defendants were Ed Foulk (the executive director at Napa State Hospital), "Sacramento Courthouse," and criminal defense attorney Kenneth Lloyd Rosenfield. *See id.* at 1.

Like the original complaint, the amended complaint failed to allege enough facts to state a plausible claim for relief. Mr. Turner alleged that he was held against his will at Napa State Hospital, but did not allege any facts suggesting it was a legally impermissible detention.[2] Despite being instructed of the need to do so, Mr. Turner failed to identify the date(s) on which he was ordered released, the court that ordered his release, and the length of his confinement after he was ordered released. *Id.* at 2. Mr. Turner also did not link defendants to this claim, as he did not allege what any defendant did or failed to do that caused a violation of his constitutional rights. The amended complaint fails to state a claim for an excessive detention.

The amended complaint did not state a claim against the "Sacramento Courthouse." The Sacramento Courthouse is a building and not a legal entity capable of being sued. Also, the amended complaint alleged that the courthouse did nothing to violate his rights.

The amended complaint also did not state a claim for relief against defense attorney Rosenfeld. The allegedly insulting comment made by defense attorney Rosenfield is not actionable under § 1983, even assuming for the moment that Rosenfeld was a state actor. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C.

---

[2] According to a state court opinion available online, in a criminal case in Sacramento County Superior Court in 1995, Mr. Turner pled guilty to burglary and admitted he served prior prison terms and had prior felony convictions. *People v. Anthony Turner*, 2002 WL 14494, *1 (Cal. Ct. App. 2002). The superior court found him not guilty by reason of insanity and committed him to Atascadero State Hospital. *Id.* In 1998, he was conditionally released from the hospital, but was recommitted in 1999 after failing to abide by the conditions of his release. In the *Turner* case, the California Court of Appeal upheld the superior court's decision in July 1999 to revoke Mr. Turner's outpatient status. *Id.* at *3.

2

§ 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

For the foregoing reasons, the amended complaint fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile, as the Court already instructed Mr. Turner of what he needed to allege to state a claim and he was unwilling or unable to do so. Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 18, 2019

EDWARD M. CHEN
United States District Judge